IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESTEBAN TORRES-SANCHEZ, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT JEROME | : | NO. 10-5626 |
| WALSH, ET AL., | : | |
|     Respondents. | : | |

## EXPLANATION AND ORDER

On or about October 15, 2010, Petitioner Esteban Torres-Sanchez submitted for filing with the Clerk of the United States District Court for the Middle District of Pennsylvania a "Form for Use in Application for Habeas Corpus Under 28 U.S.C. § 2254," accompanied by a memorandum of law and exhibits. In an Order filed on October 21, 2010, the Honorable Richard P. Conaboy directed the case to be transferred to this Court, in light of the fact that Petitioner was challenging a conviction that was obtained in the Lancaster County Court of Common Pleas. (Doc. No. 1.) Following the transfer, the Honorable C. Darnell Jones, II of this Court referred the case to the undersigned for a Report and Recommendation. (Doc. No. 2.)

In his form petition, Torres-Sanchez identifies the judgment of conviction that he is challenging, CP-36-CR-929-2004 in the Lancaster County Court of Common Pleas, and provides information as to some of the key events in his state court post-conviction proceedings. The form proves less helpful, however, in demonstrating with any succinctness the nature of his claims. Paragraph twelve of the Petition form directs him to "[s]tate *concisely* every ground on which you claim that you are being held unlawfully. Give specific facts supporting each ground." (Pet. at 7 (emphasis in original).) On page 8 of the form, where a list of "the most frequently raised grounds

1

for relief in habeas corpus proceedings" is included "[f]or information," (Pet. at 7), Torres-Sanchez has circled seven of the ten grounds listed — even though the instructions state: "Do not check any of these grounds." (Pet. at 8.) In the space below this list of frequently-raised grounds, where he is invited to use two lines to describe "Ground one" and four lines to set forth "Specific Facts supporting this ground without citing cases or law," he has responded: "See: Memorandum of Law, (which is attached)." (Pet. at 8.) He does not provide any information in the subsections for "Ground two," "Ground three," or "Ground four." (Pet. at 8-9.) The memorandum of law that he has attached runs some thirty-eight pages, with another eight pages of exhibits. The memorandum does not purport to lay out grounds for federal habeas relief but rather sets forth a series of ten questions with "suggested answers" and discussion beneath each.[1]

Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts requires that a habeas petition "(1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground[.]" Rule 2(c) fol. 28 U.S.C. § 2254. In addition, "[t]he petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." *Id.*, Rule 2(d). Torres-Sanchez's present petition does not meet these

---

[1] While these questions organize the memorandum in some manner, they appear to be oriented towards state post-conviction review and the appeal of the denial of his petition for relief under the Pennsylvania Post-Conviction Relief Act, as opposed to federal review under 28 U.S.C. § 2254. *E.g.,* "DID THE PCRA COURT ABUSE ITS DISCRETION WHEN IT FAILED TO ADDRESS THE TIMELY OBJECTIONS FILED BY THE PETITIONER?"; "WAS THE PLEA OF GUILTY UNLAWFULLY INDUCED, IN VIOLATION OF §9543(a)(2)(iii)?" (Pet., Mem. of Law at 23b, 40.) Torres-Sanchez also refers to himself in the memorandum as "Appellant" and routinely cites to state rules of procedure. *See, e.g.,* Pet., Mem. of Law at 23 ("WHEREFORE, the Appellant's Brief must be considered timely filed and addressed on their merits. Sworn true, in accord with Rules of Appeal Procedures.").

standards. In light of this, we must ask Petitioner to re-submit the form so that he may properly state his claims for federal habeas relief.

We are providing Petitioner the attached blank copy of the "Petition for Relief From a Conviction or Sentence By a Person in State Custody (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)" for use in the United States District Court for the Eastern District of Pennsylvania.[2] **It is not necessary for Petitioner to pay the filing fee described in the instructions**, as his motion to proceed *in forma pauperis* was already granted by Judge Conaboy prior to transfer here. However, it is necessary for Petitioner to answer Question 12 (pages 8-14) completely, to the best of his ability, particularly the portions asking him to lay out the "ground" and the "supporting facts." *See also generally* 28 U.S.C. § 2254(a) (providing that the federal court shall entertain a state prisoner's application for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). While the form directs petitioners to "[a]ttach additional pages if you have more than four grounds," Torres-Sanchez **must** set forth his first four grounds **on the petition form itself** and replicate the format of the form's questions with respect to any additional grounds (beyond four) that he lays out in any additional pages.

While not a defect that implicates Rule 2 as much as perhaps Rule 4,[3] we do advise Petitioner to answer Question 18 of the petition with particular care. That question concerns the "timeliness

---

[2] Torres-Sanchez completed a form that purports to be the form in effect in the Middle District of Pennsylvania as of December 1, 2004. Our district currently uses a slightly different form.

[3] This rule states, in relevant part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 fol. 28 U.S.C. § 2254.

3

of petition" and calls for an explanation of "why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar [the] petition" if the judgment of conviction became final over one year ago. (Pet. at 17.)[4]

AND NOW, this 5th day of November, 2010, in light of the foregoing and pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases, **IT IS HEREBY ORDERED THAT** Petitioner shall complete pages 4 through 19 of the attached petition form (Form PAE AO 241, Rev. 07/10) and submit the petition to the Clerk of this Court (601 Market Street, Room 2609, Philadelphia, PA 19106), on or before December 8, 2010.

BY THE COURT:

/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

---

[4] In this regard, we note that, on the form petition submitted to the Middle District, Torres-Sanchez indicates that his judgment of conviction was entered on October 25, 2004. (Pet. at 4, ¶ 2(a).) While he does not answer the question on the form as to whether or not he appealed from the judgment of conviction, (Pet. at 4, ¶ 8), his memorandum of law indicates that no direct appeal was filed. *See, e.g.,* Mem. of Law at 44. This information is also consistent with the criminal docket for his case prepared by the Court of Common Pleas of Lancaster County and available for viewing through the website of the Administrative Office of the Pennsylvania Courts. Accordingly, it appears that his conviction became final on November 24, 2004, upon the expiration of the 30-day period in which to file a notice of appeal from the Court of Common Pleas to the Pennsylvania Superior Court. *See* Pa. R.A.P. 903(a). *If* 28 U.S.C. § 2244(d)(1)(A) applies to Petitioner's circumstances, then the one-year period of limitation applicable to his habeas petition would have begun to run on November 25, 2004.